IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:15CR122 |
| | ) | |
| Plaintiff | ) | JUDGE SARA LIOI |
| | ) | |
| -vs- | ) | |
| | ) | |
| GERALD F. COOPER | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| Defendant | ) | |
| | ) | |
| | ) | |

Now comes the Defendant, Gerald Cooper, by and through undersigned counsel, and respectfully submits this Sentencing Memorandum in support of granting Mr. Cooper home detention as a substitute for incarceration coupled with subsequent probation, pursuant to § 5C1.1(c)(3) of the United States Sentencing Guidelines.[1]

## I. Introduction

On April 30, 2015 Defendant Gerald Cooper pled guilty to Wire Fraud (18 U.S.C. § 1343). The parties agreed on a Guideline Offense Level of 10 (base level 17, minus 3 for acceptance of responsibility and 4 due to defendant's age and physical condition). Defendant has no prior criminal history, therefore resulting in Criminal History Category I. The combination of Offense Level 10 and Criminal History Category I falls under Zone B. Under the Sentencing Guidelines § 5C1.1(c), an offense that falls within Zone B of the Sentencing Table may be satisfied by:

(1) a sentence of imprisonment; or

---

[1] Alternatively, Defendant requests a sentence of one day of imprisonment coupled with subsequent probation.

1

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or

(3) a sentence of probation that includes a condition or combination of condition that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

## II. § 3553(a) Factors

Pursuant to 18 U.S.C. § 3553(a), when imposing a sentence, a court shall consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) also mandates that "the court shall impose a sentence sufficient, but not greater than necessary" to comply with the goals of the second factor. As set forth below, considering all pertinent factors, a sentence of home detention as a substitute for incarceration

2

coupled with subsequent probation pursuant to USSG § 5C1.1(c) adequately serves these goals, and any larger punishment would be greater than necessary.[2]

### III. Family Life

Gerald Cooper is known to be a caring and dedicated family man. Twice widowed, he has played a role in successfully raising 10 children. Mr. Cooper married his first wife, Betty Lou Costello, in 1952. Together they had six children: Patricia, Gerald, Gregory, Marybeth, T. Charles, and Robert. The oldest, Patricia, is a school teacher in Cleveland. Gerald is an attorney in Chicago. Their son Gregory is a salesman and painting contractor in Cleveland Heights. Marybeth runs a non-profit consulting business, and T. Charles Cooper is Deputy Administrator for USAID. Their youngest son, Robert, is the former head of the Ohio Arts Council, and is currently a consultant for the Worthington Arts Council. Regrettably, Betty Lou passed away in 1968 at the age of 37, leaving Mr. Cooper to raise their six children, including their ten-month-old son, on his own.

In 1970, Mr. Cooper married his second wife, Kathryn Ann Davis, who had four children from a previous marriage. Mr. Cooper took in Kathryn Ann's children and raised them as his own. Together, the couple raised their 10 children into happy, successful adults. Mr. Cooper paid for the education of all of the children, and also helps pay his grandchildren's tuition. Furthermore, from 1989-98, Mr. Cooper financially supported and cared for his mother during the final years of her life. In 2006, Mr. Cooper was widowed for the second time when Kathryn Ann passed away as a result of heart failure.

---

[2] Alternatively, Defendant requests a sentence of one day of imprisonment coupled with subsequent probation.

Aside from being a role model to his children and Kathryn Ann's children, Mr. Cooper also played an important role in the lives of his children's friends and future in-laws. Mark Moran, retired CEO of The MetroHealth System, and best friend of Mr. Cooper's son Jerry writes: "Mr. Cooper is a kind, loving and generous family man…. Since my attorney father died suddenly when I was 12, Mr. Cooper became an important role model for me in my teenage years." (*See* Mark Moran Letter of Support, attached to this Memorandum as Exhibit A.) John Komperda, the brother of Mr. Cooper's son-in-law writes: "I have always admired Mr. Cooper as a man of great intelligence and integrity…. My wife would tell you that my reference in many difficult profession situations has been, 'I wonder how Mr. Cooper would hand this." (*See* John Komperda Letter of Support, attached to this Memorandum as Exhibit B.)

### IV. Legal Career

In addition to his reputation as a dedicated family man, Gerald Cooper is also known for his outstanding and remarkable career as a lawyer. He has a stellar reputation throughout the Cleveland area. Clients, colleagues, and judges all speak highly of Mr. Cooper. Reflecting on his professional dealings with Mr. Cooper over a stretch of 31 years, Cuyahoga County Common Pleas Court Judge Robert C. McClelland stated:

> At all times and in all matters, Mr. Cooper was always professional in his representation of his clients and his reputation was beyond reproach. *** Mr. Cooper was one of those individuals whose word was his bond. Throughout his career, he was an example of an attorney who could provide excellent representation for his client and be a complete gentleman with the court and opposing counsel. (*See* Judge Robert C. McClelland Letter of Support, attached to this Memorandum as Exhibit C, original copy sent to the Court.)

Philip Weaver, a partner at Smith Marshall LLP who has worked on more than 50 cases with Mr. Cooper writes: "In my experience, Jerry is one of the most honest, fair-minded, kind persons I have come across in forty-one years of practicing law. In my experience, Jerry has not had an

evil bone in his body or an evil thought in his mind." (*See* Philip Weaver Letter of Support, attached to this Memorandum as Exhibit D.) Additionally, Mr. Cooper's longtime co-worker, David Thomas writes: "Jerry did not simply teach me how to be an attorney. He taught me how to be a man. The manner in which he conducted himself transcended merely the procedural aspects of law." (*See* David Thomas Letter of Support, attached to this Memorandum as Exhibit E.)

Mr. Cooper graduated from Mount St. John High School in 1947, John Carroll University in 1953, and Cleveland Marshall School of Law in 1957. In August of 1957, he was admitted to practice law in Ohio. Mr. Cooper's successful legal career in the ensuing fifty-seven years included uncountable amounts of pro bono work. Notably, Mr. Cooper helped the blind widow of Cleveland Police Officer, Robert J. Clark, who was killed in the line of duty, recover an award to help provide for their three young children. (*See In re: Robert J. Clark*, attached to this Memorandum as Exhibit F.) During the case, Mr. Cooper advanced over $3,000 of his own money for an economic expert report. He did not request or receive any reimbursement. Mr. Cooper's dedication and relentless determination ultimately resulted in a victorious judgment that paved the way for countless other police widows to receive additional benefits.

Mr. Cooper also remained actively involved in the local bar associations throughout his career. He was the chairman of the Worker's Compensation Section of the Cuyahoga County Bar Association from 1971-1975, and served on the joint committee for character and fitness for the former Cuyahoga County and Cleveland Bar Associations for over 30 years. Accordingly, he often spoke about substance abuse and professional responsibility. Furthermore, he heard disciplinary cases for character and fitness violations.

### V. Community Involvement

Aside from his successful family life and legal practice, Mr. Cooper has also remained engaged in community activities. He has been a member of St. Francis of Assisi Church since 1966, where he has served as a lector, Eucharistic minister, teacher, and parish representative. Additionally, he is a member of the Knights of Columbus, and has provided the organization pro bono legal services for 55 years.

### VI. Health

Gerald Cooper is currently 84 years of age. Unfortunately, his physical and mental health have been declining in recent years. He is, and has been, suffering from the early stages of dementia. (*See* Report of Dr. Galit Askenazi, attached to this Memorandum as Exhibit G.) Mr. Cooper also suffers from thrombocythemia, a condition associated with excessive bleeding due to unusually high platelet levels. In October 2013, Mr. Cooper suffered a setback with recurrent diverticular bleeding, resulting in a prolonged recovery. (*See* Letter from Dr. Omer Koc, attached to this Memorandum as Exhibit H.) Consequently, he experienced chronic anemia and fatigue, which impaired his ability to successfully manage his responsibilities at work. (*See* Letter from Dr. Tod Podl, attached to this Memorandum as Exhibit I.)

Additionally, Mr. Cooper has also been diagnosed with prostate cancer. (*See* Dr. Levy's Diagnostic Report, attached to this Memorandum as Exhibit J.) The thrombocythemia and cancer necessitate frequent doctors' appointments, and the dementia requires repeat follow-up testing to properly assess the speed and severity of its onset. Consequently, the overall need to properly treat and monitor Mr. Cooper's physical and mental health conditions significantly outweighs the miniscule value of imprisonment.

## VII. Restitution and Remorse

As previously mentioned, Mr. Cooper entered into a plea agreement with the Government. Along with being cooperative throughout the entire investigation, Mr. Cooper has made full restitution to the Luke Estate. Remarkably, he did so, on his own initiative, before the charges were filed and the subsequent plea agreement. Mr. Cooper has also voluntarily retired and has given up his license to practice law in Ohio. This one mistake now taints his otherwise remarkable legal career. In the words of longtime friend James Crosby, "[t]he charges brought and the publication of the related details have surely brought the punishment of public embarrassment upon Jerry." (See James Crosby Letter of Support, attached to this Memorandum as Exhibit K.) The remorse he must carry on a daily basis throughout the rest of his life serves as more of a punishment than any sentence could.

## VIII. Request to the Court to Consider Probation

Counsel on behalf of Gerald Cooper respectfully requests that this Court consider a sentence of home detention as a substitute for incarceration coupled with subsequent probation pursuant to § 5C1.1(c) of the Sentencing Guidelines.[3] A jail sentence would be extremely detrimental to Mr. Cooper due to his age and developing dementia. A sentence of probation would adequately constrain Mr. Cooper's liberty and serve the purposes of § 3553(a)(2), without risking his physical and mental health. As Mr. Cooper has given up his law license, imprisonment would not provide any deterrent value. Additionally, because Mr. Cooper has given up his license and retired, there is absolutely no remaining risk to the public. Furthermore,

---

[3] Alternatively, Defendant requests a sentence of one day of imprisonment coupled with subsequent probation.

Mr. Cooper has already made full restitution. Consequently, imprisonment would be unnecessary, and inconsistent with traditional punishment theories. As written by Judge McClelland: "It is my sincere hope that the federal sentencing guidelines will allow [the Court] to consider a form of probation for Mr. Cooper. No one is a more appropriate candidate for that than Mr. Cooper." (*See* Exhibit C.)

### IX. Conclusion

Counsel on behalf of Defendant Gerald Cooper respectfully asks that the Court consider his age, declining health, cooperation with the Government, lack of prior criminal activity, self-initiated full restitution, and remorse, along with his network of family and social support at sentencing. As Defendant is ineligible for straight probation under 18 U.S.C. § 3561(a)(1), Defendant respectfully requests this Honorable Court impose a sentence of home detention as a substitute for incarceration coupled with subsequent probation, pursuant to USSG § 5C1.1(c).[4] This sentence would be sufficient, but not greater than necessary to serve the sentencing goals.

Respectfully submitted,

FRIEDMAN & GILBERT

s/ Gordon S. Friedman
GORDON S. FRIEDMAN  (0021946)
Attorney for Defendant
55 Public Square, Suite 1055
Cleveland, OH  44113-1901
Telephone:	(216) 241-1430
Facsimile:	(216) 621-0427
E-Mail:	gorlaw@f-glaw.com

---

[4] Alternatively, Defendant requests a sentence of one day of imprisonment coupled with subsequent probation.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Gordon S. Friedman<br>
GORDON S. FRIEDMAN<br>
Attorney for Defendant